IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FARYION EDWARD WARDRIP, | § |
| | § |
| Petitioner, | § |
| | § |
| vs. | § CA: 7:01-CV-0247-G-BF |
| | § |
| RICK THALER, Director, CID, TDCJ, | § |
| | § |
| Respondent. | § |

## PETITIONER'S REPLY REGARDING EVIDENTIARY HEARING

TO THE HONORABLE MAGISTRATE JUDGE PAUL D. STICKNEY:

COMES NOW Petitioner Wardrip, and files this, his Reply to the Respondent's Opposition to his previously filed Motion for Evidentiary Hearing.

I.

This Court previously awarded Petitioner federal habeas relief due to the ineffective assistance of counsel he received at trial. This Court found that the mitigation investigation conducted by trial counsel was impermissibly brief and superficial. That finding was based upon this Court's assessment that trial counsel's explanation for his mitigation investigation, as set out in trial counsel's affidavit to the State District Court, was materially misleading and inaccurate.

Respondent appealed this decision.

Accordingly, on June 9, 2011, the parties appeared before the United States Court of Appeals for the Fifth Circuit for oral argument. The appellate court directed counsel to file additional briefing regarding the implications of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), including whether the Fifth Circuit should remand the case back to this Court for reconsideration or whether the Fifth Circuit should evaluate the case *de novo*.

Petitioner encouraged the Fifth Circuit, both in supplemental briefing and during oral argument (*See Fifth Circuit Oral Argument Transcript*, at 31-32) that the case should be remanded to provide this Court with the first opportunity to evaluate its prior holding in light of *Cullen*. In contrast, Respondent urged the Fifth Circuit to review the case *de novo* and overturn this Court's decision. *Id*. at 7-11. The Court sided with Petitioner and remanded this case on June 10, 2011 – one day following oral argument.

## II.

Petitioner continues to assert that he is entitled to federal habeas relief pursuant to 28 U.S.C. § 2254 because his counsel fell far below the minimal Sixth Amendment standards in rendering constitutionally ineffective assistance of counsel. More pertinent to these proceedings at their current juncture is the fact

that the state court hearings relied exclusively on a patently false, misleading and completely inaccurate affidavit submitted by trial counsel, Mr. John Curry, as this court has already determined.

As this Court is well aware, during the federal evidentiary hearing in this case, it became crystal clear that Mr. Curry had no personal knowledge regarding the events he testified to in the affidavit and, therefore, had no personal knowledge regarding the accuracy, much less veracity, of his testimony.[1]

In order to avoid a hearing after remand, Respondent argued to the appellate court that the affidavit was not false, and that the appellate court so find *de novo*. During oral argument before the appellate court, Respondent suggested that the state's reliance on this materially false affidavit (one not based upon personal knowledge) does not implicate § 2254 because each time Mr. Curry used the term "we," he was meaning the District Attorney's office.[2] By remanding the matter to the District Court, the appellate court declined to make such a factual determination, instead deferring the issue to this Court.

The Fifth Circuit appreciated the quandary now facing this Court. If the state court findings were based on materially false testimony, or testimony that

---

[1] *Id.* at 18.
[2] *See Fifth Circuit Oral Argument Transcript*, at 37-38 (wherein counsel argues that "it's not some condemnation of his performance or it's not some falsity for him to use the term we. If anything, he was certainly being more specific to let the court know when it was something involved from the team and not from himself, individually"). *Id.*

was not based on personal knowledge and is not capable of confirmation, then this is a dilemma that *Cullen* may not necessarily resolve. *See Fifth Circuit Oral Argument Transcript*, at 30-33. (Attached as Exhibit A.) Because this Court was not previously required to limit its analysis to the evidentiary record only compiled in the state court, there was no need for this Court to evaluate 28 U.S.C. § 2254(d)(2).

### III.

Now, however, following *Cullen*, Petitioner urges this Court to reassess its earlier opinion and reinstate the habeas relief based upon § 2254(d)(2). Petitioner further urges this Court to conduct a new evidentiary hearing or to permit supplemental briefing on the issue of how *Cullen v. Pinholster* impacts the Court's prior decision – if at all. The availability of federal habeas relief must extend to those cases in which the Petitioner can establish that the State court denial of relief is derived largely, if not entirely, from materially false evidence.

Contrary to Respondent's assessment, nothing in *Cullen* disallows federal evidentiary hearings. Instead, *Cullen* merely limits the scope of federal review under 28 U.S.C. § 2254(d)(1) "to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. 1388, at 1398. The Supreme Court instructed, simply, that "[t]his backward-looking language requires

an examination of the state court decision at the time it was made." *Id.* Reviewing courts are admonished to limit the §2254(d)(1) review "on what a state court knew and did." *Id.*

## IV.

Petitioner clearly argued before the Fifth Circuit that the state court decision, based upon the Curry affidavit, was unreasonable under §2254(d)(1) because it ignored the requirement of *Strickland* and its progeny that any "strategic" defense submitted by trial counsel must be based on personal knowledge.

The state court, at the time it rendered its decision in this case, could not have permissibly ignored the obvious defects in Mr. Curry's affidavit. The affidavit, on its face, is patently deficient. It perpetually uses the term "we" when discussing the alleged investigation–a clear signal of the lack of personal knowledge. Further, it fails to demonstrate the factual basis for the factual assertions made in the affidavit, and thus the basis for deeming it accurate. It is bereft of any strategic reasons for Mr. Curry's failure to present a viable defense during the penalty phase of Petitioner's trial.

## V.

These shortcomings are apparent on the face of the affidavit, and therefore,

the state court record. These patent defects can, and should be, evaluated by this Court in examining "the court decision at the time it was made." *Id.* The Fifth Circuit determined that this Court was the proper place to assert this argument. *See Fifth Circuit Oral Argument Transcript*, at 30-33. For this reason, Petitioner asks this Court to conduct an evidentiary hearing to permit him to expose the serious, fundamental shortcomings of the state court findings, particularly the lack of support for its *Strickland* holding, in light of Mr. Curry's fatally flawed affidavit.

## VI.

Further, Petitioner urges that this Court conduct an evidentiary hearing or permit supplemental briefing to demonstrate that this Court's prior ruling is sustainable under 28 U.S.C. § 2254(d)(2), a provision on which *Cullen* is completely silent. Under § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This Court's initial ruling focused on the state court's unreasonable application of clearly established federal law. However, in light of the revelation that Mr. Curry's affidavit, the sole foundation supporting the state court's findings – both factual and legal – is false, misleading, not based on personal knowledge, and otherwise fatally flawed, Petitioner would further encourage this Court to invoke the provisions of §2254(d)(2) because a finding based on materially false information cannot possibly be reasonable.

## VII.

Petitioner urges this Court to provide him, through counsel, the opportunity to present evidence and argument regarding the unreasonable nature of the state court findings. Surely this Court, with its own knowledge that Mr. Curry's affidavit is neither reliable nor based on personal knowledge, cannot turn a blind eye to Petitioner's allegations that the state court findings are unreasonable. This Court previously accepted testimony from Mr. Curry wherein he admitted that the affidavit testimony he provided was not based on any actual knowledge he had. This Court now knows that the affidavit was largely based upon information he

allegedly obtained from his investigator, Dana Rice.[3]  Rice's credibility, in turn, is questionable.  She had motive and opportunity to provide false information to Mr. Curry due to her conflict of interest in the case, a conflict that Mr. Curry acknowledged, but discounted, during the federal evidentiary hearing.

## VIII.

Petitioner asserts that *Cullen* does not lead to the absurd result that Respondent desires:  nothing learned during the federal evidentiary hearing can be relied upon to reach the unreasonableness prong of §2254(d)(1) or §2254(d)(2).

Petitioner cannot possibly be denied a federal habeas remedy once the federal court learns, through its federal evidentiary hearing process, that the state court findings – even under the limited *Cullen* analysis – were and are unreasonable.  Due Process requires this Court to acknowledge the unreasonable nature of the state court findings, factually, once the testimony of Mr. Curry is applied.  *Cullen* cannot possibly be interpreted to mean that information learned in federal court during an evidentiary hearing that absolutely proves the unreasonable nature of the state court findings must be ignored.  In other words, federal habeas relief must never be so limited as to hold that a state court decision based on a

---

[3] Throughout these proceedings, Rice has been medically incapacitated from testifying.

-8-

materially false affidavit cannot be reviewed by a federal court, despite its first-hand knowledge of both the deception and falsity of the affidavit. *Cullen* surely does not require federal courts to sit idly by as state courts issue rulings based upon false evidence. Such interpretation is at complete odds with Due Process and the *Marbury v. Madison* command that it is the province and duty of the federal courts to say what the federal law is.

IX.

Petitioner respectfully prays this Court will not deny him an audience or opportunity to prove that his claims continue to satisfy the demanding nature of both §2254(d)(1) and §2254(d)(2) and seek an evidentiary hearing in order to fully develop his record. If this Court is not inclined to provide Petitioner with a full evidentiary hearing, in the alternative, Petitioner respectfully requests that each party be provided an opportunity to present supplemental briefing on the manner in which *Cullen v. Pinholster* affects this case, if at all.

X.

The federal right to habeas corpus remains viable, even after *Cullen*. Petitioner should not be foreclosed from proving this case simply because the Court is limited to evaluating the state court record. Petitioner does not seek to

add any new evidence in this case.  Rather, he seeks an evidentiary hearing to further demonstrate the patently false nature of the state court evidence that was unreasonably relied upon to deny him relief.  *Cullen* is inapplicable under such circumstances.

Respectfully Submitted,

_____
BRUCE ANTON
Texas Bar Card No. 01274700

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
Fax 214-468-8104

MARY MARGARET PENROSE
Texas Bar Card No. 00788179
Texas Wesleyan School of Law
1515 Commerce Street
Fort Worth, Texas 76102

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above documents was sent to Katherine D. Hayes, Assistant United States Attorney General, by the ECF System of the United States District Court on the 1st day of August 2011.

_____