UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FARYION EDWARD WARDRIP,         )<br>                                                      )<br>        Petitioner,                         )<br>                                                      )<br>VS.                                             )<br>                                                      )<br>WILLIAM STEPHENS, Director, Texas )<br>Department of Criminal Justice,        )<br>Correctional Institutions Division,    )<br>                                                      )<br>        Respondent.                       ) | CIVIL ACTION NO.<br><br>7:01-CV-0247-G (BF) |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ACCEPTING RECOMMENDATION TO STAY PROCEEDINGS

On April 10, 2014, respondent filed his objections (docket entry 162) to the findings and conclusions of the United States Magistrate Judge recommending a stay of these proceedings (docket entry 157). For the reasons stated below, the court **OVERRULES** the objections and **ACCEPTS** the recommendation to stay these proceedings.

### I. BACKGROUND

On April 9, 2010, the court accepted the recommendation of the magistrate judge to grant habeas relief based, at least in part, on evidence developed in an

evidentiary hearing conducted in federal court.  *See* Order Adopting Findings and Recommendation (docket entry 110); Judgment (docket entry 111).  Respondent appealed the grant of habeas relief to the United States Court of Appeals for the Fifth Circuit, *see* Notice of Appeal (docket entry 113), and requested a stay of the judgment granting relief.  *See* Motion to Stay Judgment Pending Appeal (docket entry 114).  The court granted a stay pending the appeal.  *See* Order Granting Motion to Stay (docket entry 116).

While the case was pending on appeal, the Supreme Court decided *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388 (2011), holding that evidence presented for the first time in federal court may not be considered in conducting a review under 28 U.S.C. § 2254(d)(1).  *Id.* at 1398.  The court of appeals then vacated this court's judgment and remanded for further consideration in light of *Pinholster*.  See *Wardrip v. Thaler*, 428 F. App'x 352 (5th Cir. 2011).  The case was again referred to the magistrate judge, who allowed additional briefing in light of intervening Supreme Court opinions in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), and issued his findings and recommendation to stay these proceedings to allow exhaustion under *Rhines v. Weber*, 544 U.S. 269 (2005).  *See* Findings and Conclusions Recommending Stay ("Recommendation") (docket entry 157).  After extensions were granted, respondent filed his objection.  *See* Respondent's Objections to the United States Magistrate

Judge's Findings and Conclusions Recommending Stay ("Objections") (docket entry 162).

## II. RESPONDENT'S OBJECTIONS

Respondent objects on multiple grounds. He first complains that the recommendation avoids the limitations of *Pinholster* and fails to resolve the issue that was the basis for the remand. Objections at 7-9. Respondent also contends that there is no unexhausted claim to resolve, Objections at 9-12, and argues that the recommendation attempts to "re-do federal habeas litigation" in this matter in order to avoid AEDPA deference. Objections at 12-15. Respondent next objects to the conclusion that it is unnecessary to determine whether the *Martinez* exception applies before granting a stay for exhaustion, Objections at 15-17, and argues that the magistrate judge improperly relied on the published remand order in *Trevino*. Objections at 16-18. Lastly, respondent avers that the recommendation misstates the arguments he made under § 2254(d), Objections at 19-20, and that the recommendation would encourage Wardrip to exhaust any available claim, rather than only the claim considered by the court of appeals. Objections at 20-24.

## III. ANALYSIS

Central to respondent's objection is his assertion that there is no unexhausted claim for the state court to consider during the recommended stay. Specifically, respondent asserts that the claim for ineffective assistance of trial counsel upon which

this court granted relief is not an "unexhausted" claim under *Rhines*. *See* Objections at 2, 8 n.7, 9-13, 15-16, 18, 21 n.13, 24. Respondent contends that "if Wardrip returned to state court to present the IATC claim with new evidence by filing a successive habeas application, the TCCA would surely dismiss the same for failing to satisfy Texas's successive-writ-bar [sic]," Objections at 12, and that the "TCCA has made its position clear that there is no exception to Texas's abuse-of-the-writ statute for claims of ineffective assistance of state habeas counsel." Objections at 23 (citing *Ex parte Graves*, 70 S.W.3d 103, 113-18 (Tex. Crim. App. 2002); *Ex parte McCarthy*, No. WR-50,360-04, 2013 WL 3283148, at *1 (Tex. Crim. App. June 24, 2013)).

However, the court must not consider a claim to be exhausted if an inmate may have "the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254(c). The magistrate judge reasonably found that it is "not entirely clear" that the Texas Court of Criminal Appeals would apply an independent and adequate procedural bar to this claim in a subsequent state habeas proceeding, especially in light of concurring and dissenting opinions in *Ex parte McCarthy* indicating a willingness to reconsider its interpretation of state law in light of *Martinez* and *Trevino* in an "appropriate" case. *See* Recommendation at 8-10 (citing *Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001); *Ex parte McCarthy*, 2013 WL 3283148, at *5-11.

Whether this would be an appropriate case is not yet clear, but the magistrate judge correctly observed that this matter of state law should be determined, in the first instance, by the state court. It is not the task of this court to resolve questions of state law, such as the state court's judicial interpretation of the meaning and import of state statutory terms, particularly when state court opinions signal unresolved questions. See *Engle v. Isaac*, 456 U.S. 107, 110, 119 (1982) (federal courts in post-conviction habeas corpus proceedings do not sit to review questions of state law); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) (same); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding."). Instead, "comity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions of fact or of state law might have an important bearing.'" *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999) (quoting *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987)).

In its earlier order adopting the magistrate judge's recommendation, the court granted habeas relief based, in part, on evidence that was not presented to the state court and that, after *Pinholster*, may not be considered by the court in making its preliminary determination under 28 U.S.C. § 2254(d).[1] *See* Order Adopting Findings

---

[1] The court disagrees that the determination under § 2254(d) could not possibly be satisfied by the present state court record in accordance with *Pinholster*, or that once that threshold showing is made, the court could not consider the evidence

(continued...)

and Recommendation (docket entry 110); Judgment (docket entry 111). Wardrip contends that this evidence was not presented to the state court because of the ineffective assistance of his state habeas counsel, meaning that the claim is now "saved" from procedural default by the Supreme Court's pronouncements in *Martinez* and *Trevino*. *See* Petitioner's Supplemental Briefing and Request for Oral Argument at 22 (docket entry 137); Supplemental Brief Regarding *Trevino* at 13 (docket entry 153). The court need not determine whether the availability of the *Martinez* exception depends on the state's abandonment of its prior assertions now. As the magistrate judge correctly observed, it is not necessary to determine whether this exception applies before granting a stay for exhaustion. In light of state court opinions discussing the abuse-of-the-writ doctrine following *Martinez* and *Trevino*, it is not entirely clear whether the state court would now find this claim to be procedurally barred. *See* Recommendation at 8-10. That decision should be left to the state court, and its outcome could determine whether there is any available procedure under state law for presenting this sort of claim to the state court.

If the state court reaches the merits of this claim during a stay of these proceedings, this court would not later conduct a *de novo* review of that decision under the *Martinez* exception or due to any unreasonableness of the prior state habeas

---

(...continued)
presented for the first time in federal court in resolving the merits of the claim. See *Smith v. Cain*, 708 F.3d 628, 631 (5th Cir.), *cert. denied*, 134 S. Ct. 134 (2013).

determinations under § 2254(d).[2]  Instead, the court would defer to the state court's factual findings, even if the state court denies the claim that this court previously granted.  Contrary to respondent's assertions, this would not avoid *Pinholster*, but rather would better align with it, with principles of comity, and with the AEDPA.

Furthermore, the magistrate judge properly considered the remand order in *Trevino*.  *See* Recommendation at 2, 5-6.  It is appropriate for district courts to consider published orders of the courts of appeals, especially those that are binding in its circuit.  Because the impact of *Martinez* and *Trevino* on federal habeas proceedings is largely unsettled and circuit splits may be developing, it is particularly important for this court to consider recent pronouncements by the Fifth Circuit that may provide helpful guidance in this fluid area.

Finally, the recommendation wisely instructs Wardrip to exhaust any available claims during any abeyance that may be granted for exhaustion.  *See* Recommendation at 10.  The court is not holding that it will necessarily consider any

---

[2] The state court record includes apparently inconsistent findings.  The state court both found that "no unresolved factual issues material to the legality of the applicant's confinement exist," State Habeas Record at 84, and subsequently appeared to resolve material fact issues against Wardrip in order to deny his claims.  *Id.* at 131-62.  If there were no unresolved factual issues, however, then there would have been no need to resolve them.  If this no-issue finding prevented the kind of factual development in state court considered necessary in *Trevino*, and if it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," then § 2254(d)(2) might be satisfied.  Because it is appropriate to stay for exhaustion, however, it is not necessary to resolve that question at this time.

particular claim after exhaustion, only that exhaustion must occur before any possible future consideration. This court may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b). Nothing in this order or the recommendation should be construed to mean otherwise.

## IV.  CONCLUSION

The court concludes that the recommendation of the United States Magistrate Judge is correct, and these proceedings are stayed to allow Wardrip to exhaust claims of ineffective assistance of trial counsel in the state court. Respondent's objections to the findings and recommendation of the United States Magistrate Judge is **OVERRULED**, the findings and recommendation to stay these proceedings are **ACCEPTED**, Wardrip's request to stay these proceedings (docket entry 153) is **GRANTED**, and these proceedings are **STAYED** while Wardrip pursues his state habeas remedies in accordance with the recommendation and this order.

Accordingly, Wardrip is **ORDERED** to file an application for postconviction relief in the state court on these claims by **June 6, 2014**, and, unless he obtains the sought-after relief in state court, to return to this court within **45 days** after he exhausts his state court remedies. If relief is granted by the state court, respondent must promptly notify this court, and if such grant of relief causes the remaining claims to become moot, then these proceedings shall be dismissed. Furthermore, if Wardrip fails to comply with this order, these proceedings shall be dismissed.

The clerk of court is directed to **ADMINISTRATIVELY CLOSE** this case for statistical purposes, but nothing in this order shall be considered a final dismissal or disposition of this case.  This case shall be reopened upon proper motion filed in accordance with the provisions of this order.

Federally appointed counsel is directed to observe state requirements for compensation of services before the state court.  Before making any requests for compensation by the federal court for attorney services performed or expenses incurred in connection with the presentation of claims before the state courts, federally appointed counsel herein must make every reasonable and appropriate effort to ensure that applicable state law is followed and that all proper requests for compensation are made to the state courts.  Appointed counsel must include copies of all such requests that they make for compensation and all actions taken by the state courts on such requests with any future request for such compensation that may be submitted to this court.

April 22, 2014.

_____
**A. JOE FISH
Senior United States District Judge**