UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FARYION EDWARD WARDRIP, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| V. | ) |
| | ) 7:01-CV-247-G |
| LORIE DAVIS, Director, | ) |
| Texas Department of Criminal Justice | ) (Death Penalty Case) |
| Correctional Institutions Division, | ) |
| | ) |
| Respondent. | ) |

## ORDER OVERRULING OBJECTIONS AND ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION AS AMENDED

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Recommendation," doc. 190) and the objections of both parties to the Recommendation (doc.s 193, 194). After making an independent review of the pleadings, files and records in this case, the objections are **OVERRULED**, the Recommendation is **AMENDED** as set out in this order and, as amended, the Recommendation is **ADOPTED** as the findings and conclusions of the court, and conditional habeas relief is **GRANTED** in accordance with the Recommendation.

I

In light of the objections by both parties and this Court's own review, the Recommendation is amended to address certain objections, clarify a finding regarding

prejudice, and clarify the scope of review on remand.

## A. Scope of Review

Petitioner objects that the Recommendation does not consider the claims that were not presented to this Court or to the court of appeals because those claims are beyond the scope of the remand. (Petitioner's Objections at 4 (citing Recommendation at 3).) Respondent objects that the Recommendation exceeds the scope of the remand by considering whether the state court decision was based on an unreasonable determination of the facts. (Respondent's Objections at 25-26.) Therefore, this Court clarifies the scope of the remand and confirms that the analysis of the Recommendation was proper.

The United States Court of Appeals for the Fifth Circuit has long held that, "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (quoting *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999) (citing *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998)). On remand, the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Becerra*, 155 F.3d at 753)). Because the mandate rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly

decided by the appellate court." *Id.* (quoting *Castillo*, 179 F.3d at 329 (internal citation omitted)).

In this case, the Court of Appeals vacated this Court's prior judgment and remanded in an order stating as follows: "We VACATE the April 9, 2010 judgment of the district court and REMAND for reconsideration in light of the Supreme Court's decision in *Cullen v. Pinholster*, [563 U.S. 170], 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011)." *Wardrip v. Thaler*, 428 Fed. App'x 352 (5th Cir. 2011). While the remand order did not specify which issues to consider, it is clear that this Court was to "reconsider" its prior decision to grant relief in light of *Pinholster*.

Since the new claims raised after the remand were not any part of this Court's prior decision to grant relief, they could not be "reconsidered" in light of *Pinholster*. In *United States v. Bowerman*, 131 F. App'x 992, 993 (5th Cir. 2005), the court of appeals found that the district court exceeded the scope of a remand order by permitting the Government to introduce new witness testimony at a subsequent resentencing hearing. In again vacating the district court's judgment, the court of appeals noted that "[a]s a corollary to the law of the case doctrine, the mandate rule provides that the district court comply on remand with the appellate court's mandate by addressing 'only those discrete, particular issues identified by the appeals court for remand.'" *Id.* at 993 (quoting *United States v. Lee*, 358 F.3d 315, 320-21 (5th Cir. 2004). Similarly, in *United States v. Magallanes*, 301 F.3d 1267, 1270 (10th Cir. 2002), the United States Court of Appeals for the Tenth Circuit held that

a district court exceeded the scope of a remand of a habeas proceeding under 28 U.S.C. § 2255 when it addressed the merits of a new claim of ineffective assistance of counsel that was not before the court of appeals prior to the remand. While not condemning the district court for attempting to resolve all issues, the court of appeals found that new claims could not be considered on remand because they were not fairly presented in the original habeas motion, and to allow such new claims would undermine the limitation on second or successive petitions. *Id.* Therefore, the Recommendation properly declined to consider Wardrip's new claims.

However, the Recommendation also properly reconsidered the claim before it. The remand order did not limit this Court's consideration only to 28 U.S.C. § 2254(d)(1), and the Magistrate Judge's conclusion that the state court adjudication of the same claim was based on an unreasonable determination of fact under § 2254(d)(2) was properly limited to the record that was before that state court. (Recommendation at 11-18.) The remand order required this Court to reconsider its grant of relief in light of *Pinholster*, and the Magistrate Judge properly considered the limitation of *Pinholster* and restricted its review under § 2254(d) to the record that was before the state court.

Since the threshold limitation of § 2254(d) was satisfied, the Magistrate Judge then appropriately proceeded to determine whether relief was warranted based on the evidence properly before the federal court. *See Panetti v. Quarterman*, 551 U.S. 930, 953-954 (2007); *Smith v. Cain*, 708 F.3d 628, 635 (5th Cir. 2013); *Wiley v. Epps*, 625 F.3d 199, 207

(5th Cir. 2010). Therefore, the Recommendation properly considered this claim under the remand order.

**B. *Strickland* Analysis**

Respondent objects to the analysis of the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), in the Recommendation, complaining that the evidence is insufficient to show prejudice in answering the mitigation special issue by reweighing the evidence in aggravation against the totality of the available mitigating evidence that could have been presented. (Respondent's Objections at 8.) While a good prison record might not outweigh the multiple crimes described by Respondent in answering the mitigation special issue, the Recommendation also found that prejudice was shown in considering whether the jury would have found that the prosecution had proven that Wardrip would be a future danger in prison, a different special issue.

As the Supreme Court observed in *Buck v. Davis*, 137 S. Ct. 759, 776 (2017), the showing of future dangerousness involves an unusual inquiry.

> To satisfy *Strickland*, a litigant must also demonstrate prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S., at 694, 104 S.Ct. 2052. Accordingly, the question before the District Court was whether Buck had demonstrated a reasonable probability that, without Dr. Quijano's testimony on race, at least one juror would have harbored a reasonable doubt about whether Buck was likely to be violent in the future. The District Court concluded that Buck had not made such a showing. We disagree.
>
> In arguing that the jury would have imposed a death sentence even if Dr. Quijano had not offered race-based testimony, the State primarily

emphasizes the brutality of Buck's crime and his lack of remorse. A jury may conclude that a crime's vicious nature calls for a sentence of death. See *Wong v. Belmontes*, 558 U.S. 15, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009) (per curiam ). In this case, however, several considerations convince us that it is reasonably probable—notwithstanding the nature of Buck's crime and his behavior in its aftermath—that the proceeding would have ended differently had counsel rendered competent representation.

Dr. Quijano testified on the key point at issue in Buck's sentencing. True, the jury was asked to decide two issues—whether Buck was likely to be a future danger, and, if so, whether mitigating circumstances nevertheless justified a sentence of life imprisonment. But the focus of the proceeding was on the first question. Much of the penalty phase testimony was directed to future dangerousness, as were the summations for both sides. The jury, consistent with the focus of the parties, asked during deliberations to see the expert reports on dangerousness. See App. 187a–196a, 198a–203a, 209a.

Deciding the key issue of Buck's dangerousness involved an unusual inquiry. The jurors were not asked to determine a historical fact concerning Buck's conduct, but to render a predictive judgment inevitably entailing a degree of speculation. Buck, all agreed, had committed acts of terrible violence. Would he do so again?

Buck's prior violent acts had occurred outside of prison, and within the context of romantic relationships with women. If the jury did not impose a death sentence, Buck would be sentenced to life in prison, and no such romantic relationship would be likely to arise. A jury could conclude that those changes would minimize the prospect of future dangerousness.

The Recommendation notes that trial counsel believed Wardrip's good prison record was important to the jury's answer to the future dangerousness special issue, an issue that the prosecution was required to prove beyond a reasonable doubt. (Recommendation at 13-15.) And as in *Buck*, the focus of trial counsel's effort was to show the absence of Wardrip's future dangerousness while in prison, and a note from the jury in Wardrip's case indicated that the jury appeared to be deliberating about that very

-6-

issue. (Recommendation at 21.) And as in *Buck*, the evidence of Wardrip's violent acts against women outside of prison is strong, but the changes resulting from confinement in prison could "minimize the prospect of future dangerousness." *Buck*, 137 S. Ct. at 776. Clearly, then, whether or not prejudice is shown in the jury's consideration of the mitigation special issue, it is clearly shown in whether the jury would have found that the prosecution had proven beyond a reasonable doubt that Wardrip would be a future danger in prison if it had received the evidence of his model prison record that was before the Magistrate Judge.

### C. Citation Error

One of Respondent's objections points out an error in a citation contained in the Recommendation. Respondent correctly points out that the citation to *Jones v. Polk*, 401 F.3d 257, 274 (4th Cir. 2005) (Michael, C.J., dissenting in part and concurring in part), on page 11 of the Recommendation failed to include the proper designation as a dissenting and concurring opinion. (Respondent's Objections, doc. 193, at 25.) The Recommendation is **AMENDED** by this order to include the correct citation set out above. However, Respondent's objection is otherwise **OVERRULED**. The reasoning of the Recommendation–that an attorney cannot reasonably be expected to provide an entirely voluntary affidavit without any compulsion that establishes her or his own ineffectiveness–remains sound and is **ADOPTED**.

D. <u>Other Objections</u>

All other language of the Recommendation is **ADOPTED**. All other objections by either party are **OVERRULED**.

II

Conditional habeas relief is **GRANTED** as set out in the Recommendation and the judgment entered this same date.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability regarding the denial of Wardrip's claims of judicial bias and that the defense investigator had a conflict of interest. The Court determines that Wardrip has failed to show: (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the Court accepts and incorporates by reference the Report filed in this case. If Wardrip files a notice of appeal (or cross appeal), he may proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

DATED: March 29, 2018.

                                          /s/ A. Joe Fish
                                          A. JOE FISH
                                          SENIOR UNITED STATES DISTRICT JUDGE