IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| FARYION EDWARD WARDRIP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 7:01-CV-247-G-BT |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## NEW SCHEDULING ORDER

Petitioner Faryion Wardrip filed this federal habeas corpus action challenging his capital murder conviction and death sentence. This Court previously conditionally granted federal habeas corpus relief. (ECF nos. 197-98). The Fifth Circuit reversed this court's judgment in an opinion issued September 21, 2020. *Wardrip v. Lumpkin*, 976 F.3d 467 (5th Cir. 2020). On rehearing, the Fifth Circuit modified its opinion and remanded to this court for consideration of a claim the Fifth Circuit held had not yet been resolved. *Wardrip v. Lumpkin*, 838 F. App'x 99 (5th Cir. Feb. 26, 2021).

Accordingly, it is hereby ORDERED that:

1. <u>Amended Petition</u>. On or before 90 days from the date of this Order, Wardrip shall file and serve on Respondent's counsel of record a second amended petition for federal habeas corpus relief setting forth all remaining claims Wardrip wishes this Court to consider in this cause which Wardrip believes are encompassed by the Fifth Circuit's remand order. Wardrip shall accompany his amended petition with unsealed copies of any and all documents he wishes this Court to consider in ruling on his federal habeas claims. Wardrip need not include any documents which have already been made a part of the record in Wardrip's trial, direct appeal, or state habeas corpus

proceedings. Instead, the Court will direct Respondent to submit a complete copy of all relevant state court records.

Wardrip's second amended petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that Wardrip wishes this Court to consider in connection with his capital murder conviction and death sentence and the Fifth Circuit's remand order.

2.   Respondent's Answer. Respondent shall file his answer to Wardrip's second amended federal habeas corpus petition or other responsive pleading on or before 90 days after receipt of a copy of Wardrip's second amended federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the Federal Rules of Civil Procedure. Respondent shall serve Wardrip's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the Federal Rules of Civil Procedure.

3.   Exhaustion and Procedural Bar Issues. Respondent shall clearly and directly respond to the issue of whether Wardrip has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Wardrip's second amended federal habeas corpus petition. If Respondent denies that Wardrip has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Wardrip's second amended petition, Respondent shall explain, in detail, those state remedies still available to Wardrip with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Wardrip has procedurally defaulted on any ground for relief contained in Wardrip's second

amended federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of Wardrip's grounds for relief Respondent contends are procedurally defaulted from consideration by this Court. Regardless of whether Respondent asserts a defense of procedural default, the court would appreciate receiving Respondent's views on the merits of any such allegedly procedurally defaulted claims.

4. <u>Abuse of the Writ</u>. In the event Respondent wishes to assert the defense that Wardrip has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of Wardrip's grounds for relief were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Wardrip's part, have been included in an earlier federal habeas corpus petition filed by Wardrip.

5. <u>Second or Successive Petition</u>. In the event Respondent wishes to assert the defense that this is a second or successive federal habeas corpus petition filed by Wardrip attacking the same state criminal judgment and that Wardrip has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

6. <u>Limitations</u>. In the event that Respondent wishes to assert the defense that Wardrip has failed to file any claim in his second amended federal habeas corpus petition within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Wardrip's second amended federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

7. <u>State Court Records</u>. On or before 30 days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Wardrip's state trial, direct appeal, and

state habeas corpus proceedings that have not already been filed in this cause. In the event that Wardrip asserts a claim or claims for relief premised upon alleged violations of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall include copies of all juror questionnaires answered by any and all members of the jury venire from which Wardrip's petit jury was selected.

8.   Petitioner's Reply. On or before 30 days after the date Respondent serves Wardrip's counsel of record with a copy of Respondent's answer or other responsive pleading, Wardrip shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

9.   Extensions. Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

10.   Counsel's Obligations. Wardrip is advised that his court-appointed counsel is not required to accept collect telephone calls from Wardrip or any person acting on Wardrip's behalf and that said counsel is not required to expend said counsel's own funds to investigate any claim or potential claim in this cause.

11.   Local Rules. All pleadings, motions, and other documents filed in this cause shall conform in all respects to this Court's Local Rules.

12.   Case Reopening. The Clerk shall administratively re-open this cause.

13.   Service. The Clerk shall transmit a copy of this Order to Wardrip via first class mail.

SIGNED April 12, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4