IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FARYION EDWARD WARDRIP, | § |
| *Petitioner*, | § |
| | § |
| v. | § Civil Action No. 7:01-CV-247 |
| | § (Death Penalty Case) |
| | § |
| BOBBY LUMPKIN, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| *Respondent*. | § |

WARDRIP'S RESPONSE TO RESPONDENT'S
MOTION FOR EXPEDITED RULING

Bruce Anton
Texas Bar No. 01274700
ba@udashenanton.com

Udashen|Anton
8150 N. Central Expy., Ste. M1101
Dallas, Texas 75206
(214) 468-8100

Mary Margaret Penrose
Texas Bar No. 00788179
megpenrose@law.tamu.edu

Texas A&M School of Law
1515 Commerce Street
Fort Worth, Texas 76102
(972) 310-8669
*Counsel for Petitioner*

1

On November 21, 2024, the Attorney General filed a motion asking for an expedited ruling on matters pending before the court. Specifically, on February 26, 2021, the Fifth Circuit Court of Appeals remanded this case to the District Court to finally resolve his challenge to his death sentence, which had not yet been determined.

Petitioner filed for a *de novo* review of the extensive record in this case. Petitioner asserts that he has satisfied the bar for a *de novo* review. The record in the State court demonstrates that trial counsel's review and presentation of mitigation and punishment evidence was unjustifiably truncated and not the result of any reasoned opinion. Under section 2254(e)(2), having satisfied the first prong of the *Strickland* test (deficient performance) the District Court must review the second prong of the *Strickland* test *de novo*.

That record, largely compiled pursuant to a previous evidentiary hearing held in the District Court for the Northern District of Texas by Magistrate Stickney, acting for District Judge A. Joe Fish, is voluminous. Given this court's extraordinary case load, the length of consideration to date is entirely understandable and is far from alarming.

The Attorney General's motion presupposes that there are no complex issues to resolve. That is far from true. The District Court has twice granted habeas relief. Twice Petitioner has surmounted the high bar for relief. And twice the case has been

remanded from the Fifth Circuit. This case deserves close and careful scrutiny. Petitioner is entitled to one and fair constitutional trial. Because Petitioner has not yet received that fair trial due to ineffective assistance of counsel, he has not had that opportunity. The Sixth Amendment may not be an expeditious mechanism, but the framers strongly believed in its textual protections.

Petitioner objects to any coercive effort by the Attorney General to force this court into foregoing the necessary review. The Attorney General's motion should simply be held in abeyance because it is currently premature and not ripe for consideration.

Respectfully submitted,

/s/ Bruce Anton

_____
Bruce Anton
Texas Bar No. 01274700
ba@udashenanton.com

Udashen|Anton
8150 N. Central Expressway
Suite M1101
Dallas, Texas 75206
(214) 468-8100
(214) 468-8104 (fax)
*Counsel for Petitioner*

## Certificate of Service

      I certify that this document will be electronically filed with the Clerk of the Court for the United States District Court, Northern District of Texas, on December 5, 2024, using the electronic case-filing system of the Court, copies forwarded to Assistant Attorney Generals Edward L. Marshall and Jennifer Wren.

                                           /s/ Bruce Anton
                                           Bruce Anton